<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILSON ALCANTA-ALCANTARA and MARIA VELASQUEZ-ARIAS,<br><br>         Plaintiffs,<br><br>    v.<br><br>MET EXPRESS, INC. and NATHANIEL DAVIS,<br><br>         Defendants. | Case No. 23cv1515 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

  Plaintiffs Wilson Alcantara-Alcantara and Maria Velasquez-Arias bring this action against Defendants MET Express, Inc. and Nathaniel Davis to recover damages for personal injuries sustained in a car accident. D.E. 1 ("Compl."). Upon consideration of the Complaint and the parties' letters, venue is not properly laid in this District. Pursuant to Fed. R. Civ. P. 78 and L.Civ.R. 78.1(b), no oral argument was heard. Pursuant to 28 U.S.C. § 1406(a), the Court will **TRANSFER** this action to the District of Connecticut.

  I.  **BACKGROUND**

  Plaintiffs are New York citizens. Compl. ¶¶ 2-3. MET Express, Inc. is an Ohio corporation with at least two locations, in New Jersey and Pennsylvania. *See id.* ¶ 4; D.E 6 ("Pre-Motion Letter"). The parties dispute whether MET Express's New Jersey location is considered its principal place of business, such that it would be a New Jersey citizen.[1] *Compare* Pre-Motion Letter *with* D.E. 8 ("Pre-Motion Letter Resp."). Davis is a MET Express truckdriver, and a Virginia citizen. Compl. ¶ 5.

---

[1] This dispute is not dispositive to this Opinion.

On September 30, 2022, Davis was driving a truck, owned by MET Express, going southbound on I-95 in Fairfield, Connecticut, when he and Plaintiffs,[2] who were driving a Nissan, were involved in a car accident (the "Accident"). *Id.* ¶¶ 9-14, 16. Plaintiffs sustained physical injuries as a result of the Accident. *Id.* ¶¶ 19, 24.

The Complaint, which asserts two negligence counts, invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332 and asserts that venue is properly laid in this District under 28 U.S.C. § 1391. *See id.* ¶¶ 6-7. The parties have exchanged letters, disputing venue and personal jurisdiction. *See* Pre-Motion Letter; Pre-Motion Letter Resp.; D.E. 9 "Pre-Motion Letter Resp. Reply". The Court need only resolve the issue of venue.

## II. DISCUSSION

28 U.S.C. § 1391(b) provides that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A natural person resides "in the judicial district in which that person is domiciled[.]" *Id.* § 1391(c)(1). A corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" *Id.* § 1391(c)(2).

Pursuant to Section 1391(b), venue is not properly laid in this District. First, Section 1391(b)(1) requires that *all* defendants reside in the State in which a district is located. At least

---

[2] In Plaintiffs' car, Alcantara-Alcantara was the driver and Velasquez-Arias was a passenger.

one Defendant, Davis, resides in Virginia, not New Jersey, Compl. ¶ 5, therefore, Section 1391(b)(1) does not apply.  Second, Section 1391(b)(2) requires that a substantial part of the events or omissions giving rise to the action occurred in the district.  The Accident giving rise to this action occurred in Connecticut, not New Jersey, Compl. ¶¶ 16, 21, therefore, under Section 1391(b)(2), venue would be proper in the District of Connecticut.

Finally, Section 1391(b)(3) applies only if there is no district in which an action may otherwise be brought pursuant to subsections (b)(1) and (2).  *See Sondhi v. McPherson Oil Co.*, 2021 U.S. Dist. LEXIS 222302, at *6 (D.N.J. Nov. 17, 2021).  Therefore, because Plaintiffs' action could have been brought in the District of Connecticut pursuant to Section 1391(b)(2), Section 1391(b)(3) does not apply.

Because Section 1391(b) provides no basis for venue in this District, the Court may exercise its discretion to *sua sponte* dismiss or, "in the interest of justice," transfer this action under 28 U.S.C. § 1406(a).  *See Lafferty v. Gito St.* Riel, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (leaving undisturbed district court's discretionary *sua sponte* transfer under Section 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer action under Section 1406(a)); *Eastern Control, Inc. v. Borysowski*, 2022 U.S. Dist. LEXIS 43367, at *13 (D.N.J. Mar. 11, 2022) (dismissing action *sua sponte* under Section 1406(a)).  "Dismissal is considered to be a harsh remedy…and transfer of venue to another district in which the action could originally have been brought, is the preferred remedy."  *Eviner v. Eng*, 2013 U.S. Dist. LEXIS 177125, at *18 (D.N.J. Dec. 6, 2013) (citations omitted).  "Transfer under [Section] 1406(a) is appropriate even where the court in which the [action] was filed lacked personal jurisdiction over the defendants." *Id.* (citations omitted).

Here, a transfer of venue is appropriate, in the interest of justice, because the Accident's location makes the District of Connecticut a viable alternative venue under Section 1391(b)(2). Therefore, the Court will transfer this action to the District of Connecticut.

### III. CONCLUSION

For the foregoing reasons, venue is not properly laid in this District. Accordingly, the Court will **TRANSFER** this action to the District of Connecticut. An appropriate Order accompanies this Opinion.

Dated: July 5, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.